J. Bruce Alverson (Nevada Bar No. 1339)
balverson@alversontaylor.com
Karie N. Wilson (Nevada Bar No. 7957)
kwilson@alversontaylor.com
ALVERSON TAYLOR MORTENSEN & SANDERS
7401 West Charleston Boulevard
Las Vegas, Nevada 89117
Telephone: (702) 384-7000
Facsimile: (702) 385-7000

Chad M. Hagan (*pro hac vice* to be filed)
chad.hagan@hnbllc.com
Timothy M. Frank (*pro hac vice* to be filed)
timothy.frank@hnbllc.com
HAGAN NOLL & BOYLE LLC
Two Memorial City Plaza
820 Gessner, Suite 940
Houston, Texas 77024
Telephone: (713) 343-0478
Facsimile: (713) 758-0146

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DISH NETWORK L.L.C., ECHOSTAR TECHNOLOGIES L.L.C., and NAGRASTAR LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW DIMARCO, DAVID DIMARCO, DIGITAL WAREHOUSE, INC., and DOES 1-10, each individually and together d/b/a *www.coolsatellite.com* and *www.satmonster.com*,<br><br>Defendants. | Case No. _____<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND IMPOUNDMENT** |

1

Plaintiffs DISH Network L.L.C., EchoStar Technologies L.L.C., and NagraStar LLC (collectively, "DISH Network") have moved for a preliminary injunction and order authorizing impoundment under Fed. R. Civ. P. 65, 17 U.S.C. § 1203(b)(1), and 47 U.S.C. § 605(e)(3)(B)(i) because Defendants Andrew Dimarco, David Dimarco, and Digital Warehouse, Inc. (together, "Defendants") are allegedly trafficking in satellite piracy devices.

This Court, having reviewed the materials submitted by the parties, **GRANTS** the motion and orders as follows:

1. Defendants and any of their officers, agents, servants, employees, and those acting in active concert or participation with them who receive actual notice of this Order are enjoined and must restrain from directly or indirectly:

    (a) manufacturing, importing, offering to the public, providing, or otherwise trafficking in (i) the WizHub or any other device that allows a Sonicview receiver to connect to an IKS server, including the iHub, New Link, and SV Lan; (ii) warranty codes or any other code, password, or serial number used in accessing an IKS server, including any warranty code for the WizHub or Limesat receivers; and (iii) any other device used in circumventing DISH Network's security system or intercepting DISH Network programming;

    (b) receiving or assisting others to receive DISH Network's satellite signal or other electronic communications originating from DISH Network's system without authorization;

    (c) transferring, removing, encumbering, or permitting withdrawal of any assets or property belonging to Defendants, whether real or personal, tangible or intangible, including cash, bank accounts of any kind, stock accounts, bonds, and title to Defendants' business property;

1   (d) destroying, hiding, or altering any books or records, whether in hard copy
2   or electronic form, regarding the satellite television business or finances of Defendants, including
3   invoices, purchase orders, receipts, shipping records, banking or investment records, or any
4   documents that identify manufacturers, exporters, importers, dealers, or purchasers of the devices
5   identified in subsection (a) above, or persons involved in operating any IKS server or receiving
6   control words from same.

7   2. No later than five court days following service of this Order, Defendants must
8   provide DISH Network a written accounting of all assets and property belonging to Defendants,
9   which in the case of any bank account shall include the account name, number, current balance,
10  and location of the bank or other custodian holding such account.

11  3. No later than five court days following service of this Order, Defendants shall
12  deliver all items identified in paragraph 1(a) above that are in Defendants' possession, custody, or
13  control to DISH Network's resident counsel, the firm of Alverson Taylor Mortensen & Sanders
14  located at 7401 West Charleston Blvd., Las Vegas, Nevada.

15  4. Defendants and all others who receive notice of this order, including but not
16  limited to domain or website hosts, are ordered to immediately lock down and freeze the websites
17  *www.coolsatellite.com* and *www.satmonster.com*.

18  5. Defendants and all others who receive notice of this order, including but not
19  limited to domain or website hosts, are ordered to immediately cease making the websites
20  *www.coolsatellite.com* and *www.satmonster.com* available on the Internet by taking the websites
21  and their contents offline.

22  . . .
23  . . .

6. DISH Network is not required to post a bond.

Dated: January 5, 2012

_____
United States District Judge

4